ANDREA T. MARTINEZ, United States Attorney (#9313)
ANGELA JEAN CLIFFORD-SALISBURY, Assistant United States Attorney (#17485)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:   (801) 524-5682

**SEALED**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:22mj203 JCB |
| Plaintiff, | COMPLAINT |
| vs. | Count I: 21 U.S.C. § 841(a)(1), Distribution of Heroin |
| GILBERTO ACOSTA-GARCIA, | |
| Defendant. | Count II: 21 U.S.C. § 841(a)(1), Distribution of Heroin |
| | Count III: 21 U.S.C. § 841(a)(1), Distribution of Heroin ( >100 grams) |
| | Count IV: 21 U.S.C. § 841(a)(1), Distribution of Heroin ( >100 grams) |
| | Count V: 21 U.S.C. § 841(a)(1), Distribution of Fentanyl |
| | Magistrate Judge Jared Bennett |

Before the Honorable Jared Bennett, United States Magistrate Judge for the District

of Utah, appeared the undersigned, who on oath deposes and says:

1

### COUNT I
21 U.S.C. § 841(a)(1)
(Distribution of Heroin)

On or about January 26, 2022 in the District of Utah,

GILBERTO ACOSTA-GARCIA,

defendant herein, did knowingly and intentionally distribute Heroin, a Schedule I controlled

substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1)

and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

### COUNT II
21 U.S.C. § 841(a)(1)
(Distribution of Heroin)

On or about February 10, 2022 in the District of Utah,

GILBERTO ACOSTA-GARCIA,

defendant herein, did knowingly and intentionally distribute Heroin, a Schedule I controlled

substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1)

and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

### COUNT III
21 U.S.C. § 841(a)(1)
(Distribution of Heroin)

On or about February 22, 2022 in the District of Utah,

GILBERTO ACOSTA-GARCIA,

defendant herein, did knowingly and intentionally distribute one hundred (100) grams or

more of a mixture or substance containing a detectable amount of Heroin, a Schedule I

controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C.

§ 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

## COUNT IV
21 U.S.C. § 841(a)(1)
(Distribution of Heroin)

On or about March 15, 2022 in the District of Utah,

GILBERTO ACOSTA-GARCIA,

defendant herein, did knowingly and intentionally distribute one hundred (100) grams or

more of a mixture or substance containing a detectable amount of Heroin, a Schedule I

controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C.

§ 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

## COUNT V
21 U.S.C. § 841(a)(1)
(Distribution of Fentanyl)

On or about March 18, 2022 in the District of Utah,

GILBERTO ACOSTA-GARCIA,

defendant herein, did knowingly and intentionally distribute N-phenyl-N- [ 1- ( 2-

phenylethyl ) -4-piperidinyl ] propanamide ("Fentanyl"), a Schedule II controlled substance

within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and

punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

This complaint is made on the basis of investigation consisting of the following:

1. Your affiant, Special Agent Hector Funes, with Homeland Security Investigations (HSI), being duly sworn under oath, do hereby depose and state, I am a Special Agent with HSI, assigned to the HSI Salt Lake City, Utah office. Your affiant has been employed as a Special Agent since August 2020. In 2021, your affiant graduated from the 12-week Criminal Investigator Training Program located at the Federal Law Enforcement Training Center. Additionally, in 2021, your affiant graduated from the 12-week Immigration and Customs Enforcement Special Agent Training program also at the Federal Law Enforcement Academy. The 24-week course curriculum included criminal law involved in many facets of criminal investigations, drug identification, physical surveillance, preparation for prosecution, Fourth Amendment searches, drafting search warrant affidavits and what constitutes probable cause. During my tenure as a criminal investigator, your affiant has participated as a case agent and support agent in numerous investigations covering various areas of criminal law. During these investigations, your affiant has participated in interviewing witnesses and cooperating sources regarding these various crimes, and your affiant has read official reports of similar interviews by other officers. Your affiant has participated in surveillance operations, observing and recording movements of persons involved in criminal activity. In the course of my work, I have been part of numerous drug related cases. During those operations I have seized various types of illegal narcotics, including heroin and

methamphetamine, interacted and spoken with defendants, participant witnesses and informants, who have personal knowledge of the transporting, laundering, and the concealing of proceeds of narcotic sales. I have investigated several types of narcotics cases from street level drug dealers to larger drug trafficking organizations. Your affiant has authored search warrants, seizure warrants, tracking warrants, pen registers, and other court orders in furtherance of criminal investigations your affiant has participated in. As a federal agent, your affiant is authorized to investigate violations of laws of the United States and is a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

2.  This affidavit does not contain all of the information known to me or to law enforcement regarding this investigation, but rather contains only those facts believed to be necessary to obtain authorization to arrest GILBERTO ACOSTA-GARCIA (hereinafter, "ACOSTA-GARCIA"). Information developed to date as a result of my investigation and the investigation of others revealed the following facts.

3.  Beginning in January 2022, Homeland Security Investigations (HSI), Office of the Assistant Special Agent in Charge in Salt Lake City (ASAC/SLC) agents working with full-time task force officers (TFO) from Utah State Bureau of Investigations (SBI), and TFOs from the Drug Enforcement Administration (DEA) began an investigation into ACOSTA-GARCIA.

4. During the investigation a Homeland Security Investigations (HSI) Special Agent acting as a certified undercover agent (UC) made contact with a Mexico-based drug trafficking organization (DTO) which was believed to be selling heroin and fentanyl in the Salt Lake Valley.

5. On January 26, 2022, HSI Special Agents along with DEA and SBI TFOs arranged a controlled purchase of 1.8 ounces of heroin from the Mexico based DTO. The HSI UC was instructed by a supplier to meet the supplier's contact in the parking lot of La Frontera restaurant, located at 1434 S 700 W, Salt Lake City, UT 84104. When the UC arrived in the parking lot, he was instructed to meet with a Hispanic male, later positively identified as ACOSTA-GARCIA. ACOSTA-GARCIA then sold the UC approximately 1.8 ounces of heroin (approximately **51 grams**) in exchange for U.S. currency. The substance field tested positive for heroin.

6. On February 10, 2022, HSI Special Agents along with DEA and SBI TFOs arranged another controlled purchase of 1 ounce of heroin from ACOSTA-GARCIA. The UC was instructed to meet at the RC Willey distribution center, located at 256 S 5500 W, Salt Lake City, UT 84104. Once again, ACOSTA-GARCIA arrived and sold to the UC a total of 1 ounce (approximately **28 grams**) of heroin. The substance field tested positive for heroin.

7. On February 21, 2022, HSI Special Agents along with DEA and SBI TFOs arranged another controlled purchase of 4 ounces of heroin directly from ACOSTA-GARCIA. The UC was instructed to meet at a general area in West Valley City, UT.

ACOSTA-GARCIA arrived and sold to the UC a total of 4 ounces (approximately 138.5 grams) of heroin. The substance field tested positive for heroin.

8.  On March 15, 2022, HSI Special Agents along with DEA and SBI TFOs arranged another controlled purchase of 7 ounces of heroin directly from ACOSTA-GARCIA. The UC was instructed to meet again at La Frontera restaurant, located at 1434 S 700 W, Salt Lake City. Once again ACOSTA-GARCIA arrived and sold tothe UC a total of 7 ounces (approximately **202.5 grams**) of heroin. The substance field tested positive for heroin.

9.  On March 18, 2022, HSI Special Agents along with DEA and SBI TFOs arranged a controlled purchase of 100 fentanyl pills directly from ACOSTA-GARCIA. Before the UC placed a call to ACOSTA-GARCIA, DEA TFOs conducted physical surveillance of ACOSTA-GARCIA at his residence. When the UC contacted ACOSTA-GARCIA, TFOs witnessed him leave directly from his residence in the Honda to the deal location, at a business location off Redwood Road. There ACOSTA-GARCIA sold the UC 100 pills (approximately **11 grams**) of suspected fentanyl.   The pills field tested positive for fentanyl.

10. Based on the aforementioned facts, I believe there is probable cause that ACOSTA-GARCIA committed the offenses of Title 21, United States Code, Section 841 for Distribution of Heroin and Fentanyl.

11. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Further, based on the foregoing information, your affiant respectfully requests that the complaint and warrants of arrest be issued for ACOSTA-GARCIA for the violations of law described in this complaint.


Affiant,
Special Agent Hector Funes


SUBSCRIBED AND SWORN to before me via video-teleconference this _____ day of March, 2022.

Jared C. Bennett
U.S. Magistrate Judge, District of Utah


APPROVED:

ANDREA T. MARTINEZ
United States Attorney


Angela Jean Clifford-Salisbury
Assistant United States Attorney

8